1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   ANNA M. JONES, individually and as          No.  1:23-cv-01636-KES-HBK
     mother and next of kin of ROBERT
12   WAYNE JONES,

13                       Plaintiff,               ORDER GRANTING DEFENDANT
                                                  WELLPATH'S MOTION TO DISMISS
14          v.                                    PLAINTIFF'S FIRST AMENDED
                                                  COMPLAINT WITH LEAVE TO AMEND
15   COUNTY OF FRESNO, et al.,
                                                  Doc. 18
16                       Defendants.

17

18          Defendant Wellpath moves to dismiss Plaintiff Anna M. Jones's First Amended

19   Complaint ("FAC") for lack of standing and failure to state a claim under Federal Rules of Civil

20   Procedure 12(b)(1) and 12(b)(6).  Doc. 18.  The motion is fully briefed.  *See* Docs. 19

21   (opposition), 20 (reply).  For the reasons stated below, the Court grants the motion to dismiss for

22   lack of standing, with leave to amend.

23   **I.    FACTUAL BACKGROUND[1]**

24          Plaintiff's son, Robert Wayne Jones, was born in 1981.  FAC ¶ 8.  As a young man,

25   Mr. Jones enlisted in the Army and served for two years.  *Id.*  Plaintiff alleges that Mr. Jones

26   developed mental health issues due to his experience in the military.  *Id.*  In 2007, Mr. Jones was

27   ─────────────────

28   [1]  This recitation of facts is taken from Plaintiff's first amended complaint.  Doc. 7.  These
     allegations are assumed to be true solely for the purpose of the pending motion.

                                               1

adjudicated to be a mentally disordered offender.  *Id.* ¶ 9.  He thereafter engaged in further

unlawful activities while in mental health custody.  *Id.*  While in state mental hospital custody,

Mr. Jones at all times required and received antipsychotic medication due to the severity of his

condition.  *Id.*  In June 2022, Mr. Jones was involved in an incident at Coalinga State Hospital

that resulted in new criminal charges, and he was transferred to the Fresno County jail for that

prosecution.  *Id.* ¶ 10.

   Mr. Jones arrived at the Fresno County jail on June 20, 2022.  *Id.*  Defendant Wellpath is a

medical institutional provider and employed and/or contracted for the individual mental health

and medical providers who attended to, or were supposed to attend to, Mr. Jones while he was a

prisoner at the Fresno County jail.  *Id.* ¶ 6.  After Mr. Jones arrived at the Fresno County jail,

Wellpath and the other defendants never provided Mr. Jones with his antipsychotic medication,

which resulted in the steady worsening of his condition.  *Id.* ¶¶ 10, 21.

   During Mr. Jones' criminal proceedings in Fresno County, the state court ordered on

August 16, 2022, that Mr. Jones be examined by a local psychiatrist for the purpose of

determining his competency.  *Id.* ¶ 11.  The court also ordered that Mr. Jones be given

antipsychotic medication.  *Id.*  On September 16, 2022, the psychiatrist found Mr. Jones to be

incompetent.  *Id.* ¶ 12.  On October 21, 2022, the state court authorized Mr. Jones' involuntary

medication, finding that he presented a risk of self harm.  *Id.* ¶ 13.  The court also ordered that he

be sent to a state mental hospital rather than remain in the Fresno County jail.  *Id.*  The minutes of

the October 21 hearing reflect that Mr. Jones mentioned a desire to harm himself and stated he

wanted to die by lethal injection.  *Id.*  In early November 2022, Mr. Jones attempted to hang

himself with a blanket.  *Id.* ¶ 14.  This was approximately two weeks before his death.  *Id.*  On

November 14, 2022, the state court ordered Mr. Jones to be transported to a state mental health

facility, stating that it was probable Mr. Jones would suffer serious harm to his physical and/or

mental health if he did not receive appropriate antipsychotic medication.  *Id.* ¶¶ 15– 16.

   Copies of the state court's orders were timely relayed to the Fresno County jail and to

personnel of the Fresno County Sheriff's Office.  *Id.* ¶ 17.  Plaintiff alleges that Wellpath, Fresno

County, and the other Defendants were on actual or constructive notice of Mr. Jones's serious

medical needs and were aware that Mr. Jones had a 20-plus year history of mental illness and confirmed mental health diagnoses and required potent antipsychotic medications for his own safety. *Id.* ¶¶ 17–18. Plaintiff further alleges that the defendants were aware that Mr. Jones had attempted to hang himself in the jail in early November 2022 and was therefore being housed separately, and that it was obvious to any reasonably trained corrections officer or mental health or medical provider that Mr. Jones was severely mentally ill and required medication. *Id.* Wellpath was on actual or constructive notice of these facts regarding Mr. Jones, and owed him a duty, yet failed to take steps to provide competent mental health and medical care to him. *Id.* ¶¶ 21, 45–47. Plaintiff alleges that any reasonably competent institutional or individual mental health or medical provider with responsibility for examining or monitoring Mr. Jones would have known that he urgently needed antipsychotic medication for his safety and well-being. *Id.*

Early on November 22, 2022, Mr. Jones suffocated himself by ingesting and blocking his airway with plastic bags that Fresno County correctional officers had provided to him, apparently in connection with his daily meal deliveries. *Id.* ¶¶ 19–20. As of the date of his suicide, Mr. Jones had been in the county jail for 134 days, and notwithstanding the state court's orders, defendants had never provided him with any antipsychotic medication or treatment. *Id.* ¶¶ 16, 21.

Plaintiff alleges that she and other heirs of Mr. Jones have suffered losses due to the death of Mr. Jones, their son and brother. *Id.* ¶ 23. As to defendant Wellpath, Plaintiff brings claims for medical negligence under California Civil Code section 1714, and wrongful death under California Code of Civil Procedure section 377.60 *et seq. See* FAC at 9–10 (Doc. 7). Wellpath moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of standing and failure to state a claim.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim based on lack of subject matter jurisdiction, including the absence of standing. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1123 (9th Cir. 2010). A Rule 12(b)(1) challenge to jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th

1   Cir. 2004).  Wellpath's motion to dismiss is facial; Wellpath asserts that the complaint's

2   allegations fail to establish Plaintiff's standing.  *See generally* Doc. 18.  As a result, a

3   presumption of truthfulness attaches to the allegations in the complaint, and the court is limited to

4   the four corners of the pleading in determining whether it has jurisdiction over the matter.

5   *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).  To survive a Rule

6   12(b)(1) facial challenge, "the plaintiff must 'clearly ... allege facts demonstrating' each element

7   [of standing]."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422

8   U.S. 490, 518 (1975)).

9       **B.**    <u>**Rule 12(b)(6)**</u>

10      A motion to dismiss for failure to state a claim upon which relief can be granted under

11  Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v.*

12  *Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and

13  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a);

14  *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under federal notice pleading standards,

15  the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon

16  which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and

17  quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules

18  and summary judgment motions to define disputed facts and issues and to dispose of

19  unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

20      On a motion to dismiss under Rule 12(b)(6), the factual allegations of the complaint must

21  be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the

22  benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the

23  complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff

24  need not allege "'specific facts' beyond those necessary to state his claim and the grounds

25  showing entitlement to relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

26      If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to

27  amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  The "underlying purpose of Rule 15

28  [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities."  *Lopez v.*

1   *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up).  However, a court has

2   discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of

3   the movant, repeated failure to cure deficiencies by amendment previously allowed, undue

4   prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

5   amendment."  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

6   **III.    ANALYSIS**

7       Wellpath asserts that Plaintiff does not have standing to bring either a medical negligence

8   or wrongful death claim.  Doc. 18 at 9.  Plaintiff contends she is the proper party to bring both

9   claims.  Doc. 19 at 7.  Under Rule 17(b)(1), capacity to sue is determined by state law.

10      **A.    Medical Negligence Claim**

11      To the extent that Plaintiff asserts a medical negligence claim on behalf of Mr. Jones, she

12  brings a survival action on behalf of his estate and must plead the appropriate standing

13  requirements.  "Under California law, if an injury giving rise to liability occurs before a

14  decedent's death, then the claim survives to the decedent's estate."  *Tatum v. City & Cnty. of San*

15  *Francisco*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006); *see also Davis v. Bender Shipbuilding &*

16  *Repair Co.*, 27 F.3d 426, 429 (9th Cir. 1994) ("In a survival action, a decedent's estate may

17  recover damages on behalf of the decedent for injuries the decedent sustained.").

18      "California's statutory requirements for standing to bring a survival action are stated

19  under California Code of Civil Procedure § 377.30."  *Hayes v. Cnty. of San Diego*, 736 F.3d

20  1223, 1229 (9th Cir. 2013).  That statute provides: "A cause of action that survives the death of

21  the person entitled to commence an action or proceeding passes to the decedent's successor in

22  interest and an action may be commenced by the decedent's personal representative, or, if none,

23  by the decedent's successor in interest."  Cal. Code of Civ. P. § 377.30.[2]

24      Under California law, to proceed as a decedent's "successor in interest" an individual must

25  _____

26  [2]  A "personal representative" includes an "executor, administrator, administrator with will
    annexed, special administrator, successor personal representative, [or] public administrator"

27  under California law.  Cal. Prob. Code § 58.  A "decedent's successor in interest" is defined for
    these purposes as "the beneficiary of the decedent's estate or other successor in interest who

28  succeeds to a cause of action."  Cal. Code Civ. P. § 377.11.

1    "execute and file an affidavit or a declaration under penalty of perjury under the laws of this

2    state." Cal. Civ. Proc. Code § 377.32.  Among other information, the affidavit or declaration

3    must include a statement that no proceeding is now pending in California for administration of the

4    decedent's estate, that the affiant is the decedent's successor in interest or is authorized to act on

5    behalf of the decedent's successor in interest, and that no other person has a superior right to

6    commence the action or proceeding or to be substituted for the decedent in the pending action or

7    proceeding.  *Id.*; *see also Galindo v. City of San Francisco*, ---F.Supp.3d---, 2024 WL 819554, at

8    *4 (N.D. Cal. Feb. 27, 2024) (§ 377.32 affidavit or declaration required to proceed as decedent's

9    successor-in-interest).

10          Plaintiff asserts in the FAC that she is bringing her claims "both in her individual capacity

11    and as next of kin" of Mr. Jones.  Doc. 7 at ¶ 4.  She alleges that she and "the other heirs of Mr.

12    Jones" have suffered losses in relation to the death of Mr. Jones, their "son and brother."  *Id.* at

13    ¶ 23.  She does not allege or establish, either in the FAC or in her filing in opposition to the

14    motion to dismiss, that she is Mr. Jones' successor-in-interest or a personal representative of the

15    estate.  Nor do her filings, even read together, include the information required under Code of

16    Civil Procedure section 377.32(a).[3]

17          Plaintiff's reliance on *Aghaian v. Minassian*, 64 Cal. App. 5th 603, 614 (2021), is

18    misplaced.  *Aghaian* held that the filing of a section 377.32 affidavit was not a condition

19    precedent to bringing a survival action, where the plaintiffs filed their complaint within the statute

20    of limitations but later filed their section 377.32 affidavits beyond that date.  The issue in *Aghaian*

21    concerned the statute of limitations, not standing as here.  *Id.*  Moreover, the court specifically

22    noted that, while the filing of a section 377.32 affidavit was not a condition precedent to suit,

23    "failure to file the affidavit could possibly subject the action to a plea in abatement."  *Id.*

24          The issue on the present motion is that Plaintiff has failed to establish her legal standing to

25    sue under California law on the claims against Wellpath.  To establish such standing, Plaintiff

26

27    ───────────────
      [3]  Plaintiff's opposition includes a death certificate for her son.  Doc. 19 at 11.  That document
      addresses the requirement under Cal. Code of Civ. P. § 377.32(c), but it does not include the other

28    information specifically required by § 377.32(a).

                                              6

must meet the requirements of Cal. Code of Civ. P. §§ 377.30 and 377.32.  Plaintiff failed to adequately allege in the FAC information sufficient to find that she is Mr. Jones' successor-in-interest or personal representative.  She has also failed to provide information in her opposition sufficient to support such a finding.

Plaintiff's complaint is subject to dismissal but leave to amend will be granted for this sort of pleading defect.  *See Horn v. State of Cal.*, No. CIVS050814MCEKJM, 2005 WL 1925917, at *4 (E.D. Cal. Aug. 5, 2005) (granting leave to amend complaint where technical standing defects may be cured in survival action.  Plaintiff must adequately allege that she is the proper party to bring the survival action and she will be granted leave to amend to provide her an opportunity to do so.  *Kidwell-Bertagnolli v. Cnty. of Sonoma*, No. 20-cv-03291-JSC, 2020 WL 4901197, at *3 (N.D. Cal. Aug. 20, 2020) (granting dismissal with leave to amend, including to establish standing to bring survival claims).

To the extent Plaintiff also alleges this claim in her individual capacity, and not on behalf of Mr. Jones, she does not have any such independent survival claim.  *See Morton v. Cnty. of San Diego*, No. 21-CV-1428-MMA (KSC), 2022 WL 1407124, at *9 (S.D. Cal. May 4, 2022) (survival statute does not provide such independent cause of action).

The Court grants the motion to dismiss as to Plaintiff's medical negligence claim, with leave to amend as to Plaintiff's claim in a representative capacity.

## B.   Wrongful Death Claim

"Claims based on injuries the survivors themselves suffered (such as loss of the relationship or loss of support) may be brought in a wrongful death action." *Ayala v. Cnty. of Imperial*, No. 15cv397-LAB (NLS), 2017 WL 469016, at *3 (S.D. Cal. Feb. 3, 2017).  Standing to sue is governed by California Code of Civil Procedure section 377.60, and the category of persons eligible to bring a wrongful death action is strictly construed.  "[T]he limitation on those who may bring the action is one which is imposed by the Legislature and, absent a constitutional basis for departure from a clear expression of legislative intent, [California courts] are bound thereby."  *Steed v. Imperial Airlines*, 115 Cal. Rptr. 329, 332 (1974) (en banc).

The first subdivision of the wrongful death statute gives standing to those persons "who

would be entitled to the property of the decedent by intestate succession," but only "if there is no surviving issue of the decedent."  Cal. Code Civ. Proc. § 377.60(a).  Accordingly, "[f]or purposes of the California wrongful death statute, [a plaintiff] would have to establish the absence of surviving issue and standing through the intestate succession statute."  *Medrano v. Kern County Sheriff's Officer*, 921 F. Supp. 2d 1009, 1018 (E.D. Cal. 2013) (granting motion to dismiss with leave to amend where complaint alleged plaintiffs were successors in interest to decedent but failed, inter alia, to include any allegation concerning existence of issue of decedent).  Under the laws of intestate succession, a decedent's parents become heirs where there is no surviving issue. Cal. Prob. Code § 6402(b).  "But where a decedent leaves issue, his parents would not be his heirs at all . . . and therefore not entitled to maintain [a] wrongful death action at all."  *Chavez v. Carpenter*, 91 Cal. App. 4th 1433, 1440 (2001) (citing *Jolley v. Clemens*, 28 Cal. App. 2d 55, 74 (1938)).  "When a surviving parent brings suit [for wrongful death], the parent's affirmative case must establish that decedent had no issue."  *Coats v. K-Mart Corp.*, 215 Cal. App. 3d 961, 969 (1989).

The FAC does not include any allegation as to whether Mr. Jones had issue.  *See* FAC, Doc. 7.  Plaintiff's brief, unsupported statement in her opposition that Mr. Jones died childless is not sufficient to establish her standing to pursue this claim.  *Cf. Kelly v. Qualitest Pharm., Inc.*, 2006 WL 2536627, at *4 (E.D. Cal. Aug. 31, 2006) (parent plaintiff's affidavit in wrongful death suit sufficiently documented absence of issue by decedent to establish standing under § 377.60). Accordingly, Plaintiff has not properly alleged standing to bring the wrongful death claim.  In these circumstances, it is within the trial court's power to allow or require the plaintiff to supply, by way of amendment, "further particularized allegations of fact deemed supportive of plaintiff's standing."  *Warth*, 422 U.S. at 501–02.  The motion to dismiss as to the wrongful death claim is therefore granted with leave to amend.

As Plaintiff has not properly alleged her standing to bring the medical negligence and wrongful death claims against Defendant Wellpath, the Court declines to reach the remainder of Wellpath's motion to dismiss as to the merits of those claims.

**IV.**     **CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

1.     Wellpath's motion to dismiss the sixth and seventh claims for relief for lack of standing (Doc. 18) is GRANTED as to defendant Wellpath, with leave to amend.

2.     Plaintiff shall file a second amended complaint, if any, within thirty days of the entry of this order.

IT IS SO ORDERED.

Dated:   __May 24, 2024__                    _____

                                         UNITED STATES DISTRICT JUDGE

9