UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA M. JONES, individually and as representative of the estate of and heir of Robert Wayne Jones,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO, UNKNOWN FRESNO COUNTY CORRECTIONAL OFFICERS, WELLPATH, UNKNOWN MENTAL HEALTH PROVIDERS, UNKNOWN MEDICAL PROVIDERS,<br><br>Defendants. | Case No. 1:23-cv-01636-KES-HBK<br><br>ORDER STAYING CASE IN ITS ENTIRETY<br><br>(Doc. No. 38) |

This matter comes before the Court upon the parties' joint status report incorporating therein a request that the case be stayed in its entirety because of Defendant Wellpath, LLC's ("Wellpath") pending bankruptcy proceeding. (Doc. No. 38). The Court grants the requested relief.

On November 15, 2024, Defendant Wellpath filed a "Suggestion of Bankruptcy and Notice of Stay," in this action advising that, on November 11, 2023, Wellpath filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. (Doc. No. 36). Defendant Wellpath also asked that the Court take notice of the automatic stay

and stay all further action in this matter as to all parties. (*Id.*). On November 22, 2024, the Court granted Defendant Wellpath's motion to stay only as to Defendant Wellpath, and ordered the remaining parties to file a status report indicating whether the matter should be stayed in its entirety, proceed under the deadlines in the case management scheduling order, or set for early settlement conference. (Doc. No. 37). On December 4, 2024, the parties filed a joint status report requesting that the Court stay the entire matter and vacate all deadlines in light of the November 12, 2024 Amended Interim Order Enforcing the Automatic Stay entered by the United States Bankruptcy Court for the Southern District of Texas, Houston Division, which ordered that "Lawsuits are stayed in their entirety, including the plaintiff's claims against the Non-Debtor Defendants, on an interim basis pursuant to section 62 of the Bankruptcy Code." (Doc. No. 36-2).

"As a general rule, the automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property." *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994). Moreover, the district court lacks jurisdiction to extend the automatic stay to non-debtor Defendants; rather, "[i]n order to apply the automatic stay outlined in 11 U.S.C. § 362 to a non-debtor party, the bankruptcy court must issue an extension of the stay under its jurisdiction." *See Placido v. Prudential Ins. Co. of America*, 2010 WL 334744 (N.D. Cal. Jan. 22, 2010) (citing *Boucher v. Shaw*, 572 F.3d 1087, 1093 (9th Cir. 2009)). Here, the automatic stay under section 362(a) would generally apply only to claims against Defendant Wellpath and would not extend to Plaintiff's claims against the non-debtor Defendants. However, as acknowledged by the parties, the Bankruptcy Court entered an Amended Interim Order Enforcing the Automatic Stay, including direction that lawsuits be "stayed in their entirety, including the plaintiffs' claims against the Non-Debtor Defendants," on an interim basis. (Doc. No. 36-2). Thus, the parties agree this matter should be stayed in its entirety and all deadlines vacated until the interim stay is lifted whether by Final Order of the Bankruptcy Court or further action taken by a party to lift the interim stay.[1]

---

[1] The Court notes that nothing in this Order or the Amended Interim Order entered by the Bankruptcy Court prevents Plaintiff from prosecuting her case to the extent possible, including

Accordingly, it is **ORDERED**:

1. The Court grants the requested relief (Doc. No. 38) and STAYS this action pending further Order by this Court and vacates all hearing dates and deadlines.

2. Upon lifting of the extension of the automatic stay as to non-debtor Defendants, including upon Final Order by the Bankruptcy Court or further action taken by any party, the parties shall promptly file a joint status report with the Court.

Dated:   December 16, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

filing objections to the Amended Interim Order before the Bankruptcy Court enter a Final Order (*See* Doc. No. 36-2 at 2), or filing a motion to lift the automatic stay as to this matter.